DR CHAS E.VERDIER

VS **8520** NO.8520

NELSON GOREAU

CHARLES F.CLAIBORNE,Judge.

December 11th 1922

Court of Appeal,
PARISH OF ORLEANS

FILED Dy 11/22
J.J.Stanislaus

Charles F.Claiborne,Judge•

The plaintiff herein played for judgment for professional services rendered-

He averred that from December 14th 1920 to March 22nd 1921 he treated the defendant,for which he makes the following charges.

| | |
|---|---:|
| Examination fee | $10.00 |
| Operation | 10.00 |
| 88 office treatments | 264.00 |
| Value of instrument loaned | 3.00 |
| | $287.00 |
| Less payment on account Feb 28th 1921 | 100.00 |
| Balance due | $187.00 |

Defendant pleaded a general denial,and averred that the plaintiff inserted in his claims items of treatments of diseases of which he never suffered and that others were brought on through the mal-treatments of the plaintiff;and "that after the payment of February 28"1921 it was understood that the plaintiff herein was to charge the respondent nothing further for any of his alleged services-"

There was judgment for plaintiff,and the defendant has appealed-

The first defense that will occupy our attention is the one last set up:-was the payment of $100 a payment on account- account or a payment in full?

1st Defendant is the only witness who testified to that.There is no other witness nor any written evidence of the agreement.The plaintiff denies the existence of such an agreement-The burden of proving the agreement,was upon the

defendant, and he has failed- *C.C. 2232 (2229)-*

2nd The defendant charges that the plaintiff made an
incorrect diagnosis of his ailment, and treated him for a disease
from which he was not suffering. The facts are that the defendant
had been subject on several previous accasions to the disease
for which the plaintiff treated him: he remained under his
treatment for about four months and submitted to his medication;
the plaintiff swears he told him what was his trouble *end of that time*
the defendant says: he did not . At the ~~end of year~~,
discontinued
the defendant ~~disseevered~~ his visits to plaintifr and consulted
another Doctor. This Doctor did not find that the defendant
was suffering from the cause for which the plaintiff was treat-
ing him; he changed the medication and at the end of a few
weeks put the defendant upon his feet-A Doctor of large expe-
rience says that the defendant had some of the symptoms of the
disease for which the plaintiff treated him, and that if the
defendant had been thus aflicted the treatment administered
to him would have been the proper one. The error of the plaintiff
was therefore in his diagnosis. A physician is responsible only
for evident negligence or want of skill. Stern vs Lanng 106 La.
738-He is not liable because he has committed an error, but
because he has been guilty of a fault 39 Dalloz 314 S 128.——
*21 Bandry - Lac N° 634 p 312 —*
 We cannot say that the trial judge erred in his judgment.

 Judgment affirmed.

 December 11" 1922